Seth PARENTEAU et al.

v.

WOMEN & INFANTS' HOSPITAL.

No. 2013–193–Appeal.

Supreme Court of Rhode Island.

June 10, 2015.

David J. Oliveira, Esq., for Plaintiffs.

Angela L. Carr, Esq., for Defendant.

**ORDER**

The facts underlying this appeal are largely uncontested. The plaintiffs' complaint alleged that on August 28, 2008, Logan Parenteau (Logan) was born prematurely at Women & Infants' Hospital (WIH) and admitted to the neonatal intensive care unit (NICU) with a diagnosis of gastroschisis.[1] It was further alleged that, during the course of his treatment, Logan received total parenteral nutrition (TPN) through a feeding tube that was inserted into his right foot. On or about November 18, 2008, the plaintiffs allege that Logan suffered infiltration[2] and/or extravasation[3] at the site of his feeding tube as a result of his being left unattended. As a result, the plaintiffs allege that a large lump formed in Logan's right foot that ate away the tissue to the level of bone and tendons, adversely affecting his equilibrium, balance, and ability to walk.

Approximately four years later, on November 8, 2012, Logan's parents filed suit in Providence County Superior Court on

---

1. Gastroschisis is defined as "[a] congenital fissure in the anterior abdominal wall not involving the umbilical cord; usually accompanied by protrusion of viscera." Stedman's Dictionary 793 (28th ed.2006).

2. Infiltration is defined as "[t]he act of permeating or penetrating into a substance, cell, or tissue; said of gases, fluids, or matter held in solution." Stedman's Medical Dictionary at 970.

3. Extravasation is the act of extravasating which is defined as "[t]o exude from or pass out of a vessel into the tissues, said of blood, lymph, or urine." Stedman's Medical Dictionary at 687–88.

his behalf, alleging that Logan received negligent care while under the supervision of WIH and its employees or agents. Thereafter, on December 5, 2012, WIH filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, arguing that the plaintiffs had failed to timely commence suit under G.L.1956 § 9–1–14.1. On March 26, 2013, WIH's motion to dismiss was argued before a justice of the Superior Court. The hearing justice granted the motion to dismiss and on May 16, 2013, final judgment entered in favor of WIH. On May 23, 2013, the plaintiffs timely filed their notice of appeal.

It is our opinion that the issues raised in this appeal are controlled by our recent decision in *Ho–Rath v. Rhode Island Hospital*, 115 A.3d 938 (R.I.2015). In *Ho–Rath*, we held "that § 9–1–14.1(1) provides a minor plaintiff in a medical malpractice action with two options[: (1) ] the minor's parent or guardian may file suit on the minor's behalf within three years of the occurrence or reasonable discovery of alleged malpractice[,]" or "[ (2) ] if the minor's parent or guardian fails to file suit on the minor's behalf within those three years, the minor may file suit on his or her own behalf, but not until he or she reaches the age of majority." *Ho–Rath*, 115 A.3d at 946. Because no suit was initiated on Logan's behalf within three years of the occurrence or reasonable discovery of the alleged malpractice, we affirm the hearing justice's decision granting WIH's motion to dismiss. However, pursuant to § 9–1–14.1(1), Logan may file suit on his own behalf after he attains the age of majority. *See Ho–Rath*, 115 A.3d at 943–44.